UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

EBRAHIM ABDULMALEK ABDU
GHABESHA,

               Petitioner,

v.

ANGELA DUNBAR et al.,

               Respondents.

_____/

Case No. 1:26-cv-1921

Honorable Robert J. Jonker

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.[1]

I.      **Procedural History**

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or require Respondents to provide Petition with a "constitutionally adequate bond hearing." (Pet., ECF No. 1, PageID.15.) In an order entered on June 29, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on July 1, 2026, (ECF No. 5), and Petitioner filed a reply

---

[1] Because the Court will dismiss Petitioner's petition without prejudice as set forth herein, Petitioner's motion seeking emergency relief (ECF No. 2) is moot.

on July 2, 2026, (ECF No. 6.) On July 20, 2026, Petitioner filed a Petitioner's notice of supplemental evidence and authority, motion for leave to supplement if required, and request for expedited consideration. (ECF No. 7.) A day later, Petitioner filed a second motion to supplement. (ECF No. 9.)

## II.    Relevant Factual Background

Petitioner is a native of Qatar and citizen of Yemen. (Pet., ECF No. 1, PageID.7.) On December 12, 2025, ICE agents arrested Petitioner following a December 9, 2025, incident at a Detroit gas station. (*Id.*, PageID.8.)

On January 8, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (*Id.*) At that time, the Immigration Judge denied Petitioner's request for bond. (*Id.*) Petitioner filed a motion for reconsideration, which was denied on February 12, 2026, Feb. 12, 2026, Immigration Judge Order, *Ghabesha v. Dunbar* (*Ghabesha I*), No. 1:26-cv-795 (W.D. Mich. Mar. 23, 2026) (ECF No. 7-3), and a second motion, which was denied on February 20, 2026, because it did "not specify errors of law or fact in the previous order or is not supported by pertinent authority," Feb. 20, 2026, Immigration Judge Order, *Ghabesha v. Dunbar* (*Ghabesha I*), No. 1:26-cv-795 (W.D. Mich. Mar. 23, 2026) (ECF No. 7-7). On March 2, 2026, the Immigration Judge denied Petitioner's request for a custody redetermination because "[a] motion for subsequent bond redetermination based on a material change [in circumstances] was never granted." Mar. 2, 2026, Immigration Judge Order, *Ghabesha v. Dunbar* (*Ghabesha I*), No. 1:26-cv-795 (W.D. Mich. Mar. 23, 2026) (ECF No. 7-6).

This is Petitioner's third § 2241 action before this Court. On March 11, 2026, in *Ghabesha I*, Petitioner filed a § 2241 petition challenging the constitutionality of the Immigration Court's January 8, 2026, bond denial. In *Ghabesha I*, the Court denied Petitioner's petition without prejudice because "while the immigration judge used an improper burden of proof in reaching the flight-risk finding, the immigration judge used the proper burden of proof in finding Petitioner was

2

a danger to the community." Op. & Jud., *Ghabesha I*, (W.D. Mich. Apr. 23, 2026), (ECF Nos. 8, 9).

On April 27, 2026, Petitioner filed a second § 2241 petition challenging the constitutionality of the Immigration Court's January 8, 2026, bond denial in *Ghabesha v. Raycraft* (*Ghabesha II*), 1:26-cv-1351 (W.D. Mich. 2026). There too, the Court denied Petitioner's petition without prejudice for the same reasons set forth in *Ghabesha I*. Op. & Jud., *Ghabesha I*, (W.D. Mich. May 8, 2026) (ECF Nos. 9, 10.)

At the time that he filed the present § 2241 petition, Petitioner had been detained more than six months. (Pet., ECF No. 1, PageID.9.) During this time, local law enforcement completed their investigation into the December 9, 2025, incident upon which the original bond decision was based. (Motion to Supplement, ECF No. 7, PageID.123–124.) Accordingly, on July 13, 2026, Petitioner submitted a Form I-918 package, which included, *inter alia*, the prosecutor's decision not to prosecute Petitioner and evidence to demonstrate that Petitioner was actually the victim in the incident. (*Id.*, PageID.124.)

### III.    Motion for Leave to Supplement

On July 20, 2026, Petitioner filed a Petitioner's notice of supplemental evidence and authority, motion for leave to supplement if required, and request for expedited consideration, (ECF No. 7), which the Court will construe as a motion for leave to supplement the petition under Federal Rule of Procedure 15(d). Rule 15(d), as applied to habeas corpus proceedings by 28 U.S.C. § 2242, Fed. R. Civ. P. 81(a)(2), and Habeas Corpus Rule 11, *Mayle v. Felix,* 545 U.S. 644, 655, (2005) provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or

defense. The court may order that the opposing party plead to the supplemental pleading within a specified time

Fed. R. Civ. P. 15(d)

The standard for granting leave to supplement under Rule 15(d) is identical to the standard governing leave to amend under Rule 15(a). *See Spies v. Voinochi*, 48 F. App'x 520, 527 (6th Cir. 2002) (citing *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996)). Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, leave to supplement should be freely given as well. In assessing whether to grant a motion for leave to amend or supplement a pleading, a district court may consider such factors as (1) undue delay in filing the motion; (2) lack of notice to adverse parties; (3) whether the movant is acting in bad faith, or with a dilatory motive; (4) failure to cure deficiencies by previous amendments; (5) the possibility of undue prejudice to adverse parties; and (6) whether the amendment is futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Robinson v. Mich. Consol. Gas. Co.*, 918 F.2d 579, 591 (6th Cir. 1990).

Upon considering the foregoing factors, the Court will grant Petitioner's motions for leave to supplement his petition (ECF Nos. 7 and 9) to the extent that Petitioner seeks leave to supplement the petition. However, for the reasons set forth herein, the Court will deny the motion in all other respects.

## IV.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-

4

related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**V.      Discussion**

Petitioner claims that his detention has been unreasonably prolonged and that he should be provided a new bond hearing because there has been a material change in circumstances following the completion of the criminal investigation concerning the December 9, 2025, incident. (Pet., ECF No. 1; Motion to Supplement, ECF No. 7.)

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see, e.g.*, *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). And, if the noncitizen believes that the circumstances

5

have changed materially since an initial bond redetermination, the noncitizen can request a subsequent bond redetermination in writing. 8 C.F.R. § 1003.19(e). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, Petitioner claims that the circumstances have recently materially changed, as evidenced by materials provided to USCIS on July 13, 2026, but Petitioner does not contend that he has requested a subsequent custody redetermination hearing based upon materially changed circumstances. Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA or before the immigration court as applicable. Therefore, Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

## Conclusion

For the reasons discussed above, the Court will grant Petitioner's motions for leave to supplement his petition (ECF Nos. 7 and 9) to the extent that Petitioner seeks leave to supplement the petition and deny the motion in all other respects, and enter a judgment dismissing the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:    07/23/2026                                /s/ Robert J. Jonker
                                                    Robert J. Jonker
                                                    United States District Judge